### BARTELS et al. v. REDFIELD et al.

*(Circuit Court, S. D. New York. October 9, 1891.)*

**COSTS—WHO ENTITLED TO—JUDGMENT DIRECTED BY SUPREME COURT.**
In an action at law in which the supreme court, upon the defendants' writ of error, has reversed a judgment awarded by the circuit court for the plaintiffs for damages and costs, with a direction in its opinion and mandate, which are both silent as to such costs, that the circuit court enter judgment for the plaintiffs for certain sums and interest thereon, specified by it, the plaintiffs are entitled to judgment in the circuit court for such specified sums and interest, together with such costs.

At Law.

This is a common-law action, commenced in a state court November 12, 1863, and afterwards removed by writ of *certiorari* to the circuit court of the United States for the southern district of New York. October 3, 1887, after trial thereof, and recovery therein by the plaintiffs, judgment was entered in favor of the plaintiffs for $50,611.98, damages, and $690.50, costs and disbursements, making the aggregate of $51,302.48. Thereafter the defendants sued out a writ of error, taking the case to the supreme court. April 20, 1891, the supreme court, without, on the argument of the case, having had presented to it by counsel for its consideration the subject of these costs, filed its decision, (139 U. S. 694, 11 Sup. Ct. Rep. 683,) by which it decided that "the judgment is reversed, and the cause remanded, with a direction to the circuit court to enter judgment for $1,500, and interest from November 16, 1863, and for $12,894.95, with interest from January 8, 1881." A mandate was thereafter issued to this court which provides:

"On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the said circuit court in this cause be, and the same is hereby, reversed, with costs [of the supreme court;] and that the said defendants recover against the said plaintiffs, George F. W. Bartels *et al.*, for the costs herein expended, and have execution therefor. And it is further ordered that this cause be, and the same is hereby, remanded to the said circuit court, with a direction to enter judgment for $1,500, and interest from November 16, 1863, and for $12,894.95, with interest from January 8, 1881. You therefore are hereby commanded that such execution and further proceedings be had in said cause, in conformity with the opinion and judgment of this court, as, according to right and justice and the laws of the United States, ought to be had; the said writ of error notwithstanding."

Upon presenting the mandate of the supreme court to the circuit court, for the purpose of entering judgment as therein directed, the question arose whether or not the plaintiffs were entitled to enter, as part of such judgment, the aforesaid $690.50, costs and disbursements of the circuit court.

*Joseph M. Deuel,* for plaintiffs.

*Edward Mitchell,* U. S. Atty., and *Thomas Greenwood,* Asst. U. S. Atty., for defendants.

LACOMBE, Circuit Judge, (*orally.*) The rule is that costs follow recovery, and I see no reason why there should be any exception here. The silence of the supreme court as to costs of this court is not significant, in view of the fact that the subject was not presented to it. Judgment should therefore be entered for the plaintiffs for the amount of the sums and the interest thereon specified in the opinion and the mandate of the supreme court, together with the aforesaid $690.50, costs and disbursements of this court.